| Summons | CIVIL DOCKET NO. 2184CV02590 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Gloria Cocuzzo   Plaintiff(s) vs. Trader Joe's Company and Jennifer Gillum   Defendant(s) | | Michael Joseph Donovan — Clerk of Courts  Suffolk — County  COURT NAME & ADDRESS: SUPERIOR CIVIL COURT SUFFOLK COUNTY COURTHOUSE THREE PEMBERTON SQ. 12th Floor BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO **Trader Joe's Company** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court 3 Pemberton Square, 12th Fl., Boston, MA 02108 (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
   Tim Perry
   PERRY KRUMCIEK LLP
   One Boston Place, Suite 2600
   Boston, MA 02108

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger, Chief Justice on November 10, 2021. (Seal)

Clerk-Magistrate _Michael Joseph Donovan_
Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____. I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____    Signature: _____

N.B. **TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2019

| Summons | CIVIL DOCKET NO.  2184CV02590 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Gloria Cocozzo Plaintiff(s) vs. Trader Joe's Company and Jennifer Gillum Defendant(s) | | Michael Joseph Donovan, Clerk of Courts  Suffolk County  COURT NAME & ADDRESS: SUPERIOR CIVIL COURT SUFFOLK COUNTY COURTHOUSE THREE PEMBERTON SQ. 12th Floor BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO __Jennifer Gillum__ (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**
If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**
To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court 3 Pemberton Sq., 12th Fl., Boston, MA 02108 (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Tim Perry, PERRY KRUMSIEK LLP, One Boston Place, Suite 2600, Boston, MA 02108

3. **What to Include in Your Response.**
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger, Chief Justice on November 10, 20 21. (Seal)

Clerk-Magistrate *Michael Joseph Donovan*
Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

PROOF OF SERVICE OF PROCESS

I hereby certify that on _____. I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____     Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2019

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY |

| Plaintiff | GLORIA COCUZZO | Defendant: | Trader Joe's Company |
|---|---|---|---|
| ADDRESS: | 27 1/2 Priscilla Road, Brighton, MA | ADDRESS: | 199 North Harvard Street, ALlston, MA |

| Plaintiff Attorney: | Timothy Perry | Defendant: | Jennifer Gillum |
|---|---|---|---|
| ADDRESS: | Perry Krumsiek LLP, One Boston Place, Suite 2600, Boston, MA 02108 | ADDRESS: | 1317 Beacon Street, Brookline, MA |

| BBO: | 631397 |
|---|---|

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES ☐ NO |

*If "Other" please describe:

**Is there a claim under G.L. c. 93A?**   ☐ YES   ☒ NO
**Is there a class action under Mass. R. Civ. P. 23?**   ☐ YES   ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
   1. Total hospital expenses
   2. Total doctor expenses           *11/10/2021*
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)                                  $250,000.00

Discrimination leading to loss of wages, emotional distress, front pay and back pay.

   Subtotal (1-5):   **$250,000.00**

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

Discrimination leading to loss of wages, emotional distress, front pay and back pay.

   TOTAL (A-F):   **$250,000.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Discrimination leading to loss of wages, emotional distress, front pay and back pay.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| Signature of Attorney/Unrepresented Plaintiff: X  TImothy J. Perry | Date: | November 9, 2021 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

n/a

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X  Timothy J. Perry | Date: | November 9, 2021 |
|---|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party** †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Summary Process (Real Property)**

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                       SUPERIOR COURT DEPT.
                                                   OF THE TRIAL COURT

| | |
|---|---|
| GLORIA COCUZZO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Docket No.: |
| ) | |
| TRADER JOE'S COMPANY and ) | |
| JENNIFER GILLUM, ) | |
| ) | 11/10/2021 |
| Defendants. ) | |

# COMPLAINT

Pursuant to Mass. R. Civ. P. 8, Gloria Cocuzzo ("Gloria") hereby states her Complaint against Defendant Trader Joe's Company ("Trader Joe's") and Defendant Jennifer Gillum ("Ms. Gillum") as follows:

## Introduction

1. As set forth more fully below, Gloria was unlawfully discriminated against, subjected to a hostile work environment, retaliated against, and, ultimately, terminated based upon her age in violation of the Massachusetts Fair Employment Practices Act, G.L. c. 151B and the Age Discrimination in Employment Act, 29 U.S.C. § 621 to 29 U.S.C. § 634 ("ADEA").

## Parties

2. Gloria Cocuzzo is an individual with a place of residence at 27 ½ Priscilla Street, Brighton, Suffolk County, Massachusetts.

3. Defendant Trader Joe's Company is a corporation with a place of business at 199 North Harvard Street, Allston, Suffolk County, Massachusetts.

1

4. Defendant Jennifer Gillum is an individual with a place of business at 1317 Beaconb Street, Brookline, Massachusetts.

## Jurisdiction and Venue

5. The Massachusetts Superior Court has original jurisdiction over the subject matter of this dispute pursuant to, *inter alia*, Mass. G. L. c. 151B, Mass. G.L. c. 149 § 150 and Mass. G.L. c. 151, §§ 1B and 20.

6. Personal jurisdiction exists because Trader Joe's and Gillum conduct continuous business in Massachusetts and because the actions and omissions of these defendants occurred primarily and substantially within Massachusetts.

7. Venue is appropriate in Superior Court in Suffolk County because Gloria resides in Suffolk County and Trader Joe's has a usual place of business in Suffolk County.

## Summary of Pertinent Facts

8. Gloria began work at Trader Joe's in or around 2004.

9. In 17 years at the company, Gloria had an undisputed stellar employment record. Indeed, she has recently been described in news reports as *the* "fixture of the Coolidge Corner store" and "a favorite among regular shoppers."

10. The Boston Globe describes Gloria as follows: "The George Bailey of Brookline is a 77 year-old grandmother named Gloria."

11. Another news outlet declares: "Anyone who doesn't know Gloria (here, in Brookline, MA), never shops for groceries at Trader Joe's."

12. Given the foregoing, the manner in which Gloria was treated and then terminated by Trader Joe's is nothing short of incredible.

13. On Saturday, February 21, 2021, Gloria, a nearly 78 year-old grandmother of five, was working a 10 a.m. to 6:30 shift at Trader Joe's.

14. Gloria's grandson, Kevin (also an employee of Trader Joe's) started his shift at 4:30.

15. That day, Gloria and her grandson had planned to meet for dinner at Gloria's home in Brighton after his shift.

16. Kevin turned 21 years-old in 2021.

17. It is not unusual for Kevin to have a beer with his grandmother at dinner. Certainly, there is nothing "illegal" about such a routine even though Kevin was slightly younger than 21 years-old in early 2021.

18. Indeed, Mass. G.L. c. 138 § 34 *specifically permits* parents and grandparents to serve alcohol to their children and grandchildren in their home.

19. Consistent with relevant law (although perhaps not cognizant of the statute itself), Gloria purchased of four-pack of craft beer at Trader Joe's for her upcoming dinner with her grandson (and placed it in the Trader Joe's employee designated refrigerator where she intended to pick it up at the end of her shift).

20. Nothing could be more innocent or inoffensive than that – a grandmother preparing to have a nice dinner with her grandson at the end of their respective Trader Joe's shifts.

21. Nonetheless, Ms. Gillum, who had recently become Gloria's Manager (known as a store "Captain") at the Brookline store, falsely declared that Gloria's purchase of alcohol was "illegal" and against company policy.

22. Ms. Gillum stated that Gloria would be reported up the chain of command at Trader Joe's.

23. Ms. Gillum knew that her false claims and her irresponsible report of Gloria to management would cause Gloria great emotional distress. And it did.

24. For three nights Gloria was unable to sleep or eat (which continues to this day). Gloria, of course, had never been in trouble before and now Ms. Gillum was accusing her (falsely) of committing a crime and being subject to discipline at the company.

25. The distress this has caused to Gloria is incalculable.

26. Nonetheless, ever the dutiful Trader Joe's soldier, Gloria reported to work for the next three days (February 22-24).

27. After holding the matter over Gloria's head during these excruciating days and nights, Ms. Gillum demanded that Gloria report to her office on February 24, 2021.

28. Ms. Gillum purposefully continued a hostile and intimidating environment at this meeting, among other things haling a "witness" (Brian Foote) to the meeting and menacing Gloria during the meeting.

29. Gloria was so nervous and upset that she felt faint. Ms. Gillum then demanded that Gloria retire or that she would be fired. Ms. Gillum's only concern was: "what are we going to tell the customers?"

30. Ms. Gillum knew that the customers of the store loved Gloria so she attempted to force Gloria to "retire" in order to save face for the company. Ms. Gillum's intimidation had its intended effect – Gloria left the store shaking and could barely drive home, crying.

31. When Gloria refused to tow Ms. Gillum's company line and agree to a "retirement," she was summarily fired and deprived of all of her benefits (including her much needed healthcare during a worldwide pandemic).

32. Without hyperbole, it can be objectively observed that Ms. Gillum's and Trader Joe's concerted discriminatory conduct ruthlessly inflicted extreme emotional distress upon her

and needlessly, purposefully, and callously placed Gloria's future employment security and life in jeopardy.

33. In regards to the foregoing, another news outlet, the "Morning Newsbeat," rather accurately reported the following:

> After a harrowing call to the manager's office and three sleepless nights of waiting. Gloria was fired. At 77 years old, in the middle of a pandemic Gloria finds herself with no job, no income, no health insurance and no chance for appeal. Management knowing how she's so beloved by the community reportedly tried to pressure her into saying she had resigned. Gloria refused to be part of this untruth.

34. Gloria attempted in vain to reach out to Trader Joe's management to rectify the situation.

35. First, Gloria reached out to a former Captain with whom she worked, Chris Maguire. He turtled: never responding to Gloria's email.

36. Instead, he cowered behind Ms. Gillum who responded for Mr. Maguire, stating: "Gloria, I thought you were just going to retire" to put the matter behind the company.

37. Later, a Vice President of the company, Jon Basalone, called Gloria, but he offered no explanation for Trader Joe's ridiculously overblown position, much less a resolution.

38. However, his assistant later called Gloria back and stated that the company would live up to its obligation to pay Gloria her Covid Bonus ($4067.90) which she had earned due to her diligent service to the company during the worldwide pandemic.

39. As it turns out, this was another lie made by the company.

40. In violation of the Massachusetts Wage Payment statute, Trader Joe's has refused to pay the earned bonus to date.

41. In reflection, although Gloria was too much of an optimist and loyal employee to complain about the issues at the time, Gloria's termination was merely a continuation of a

5

hostile work environment and discrimination aimed at her as an elderly employee of the store for a long time.

42. It is now clear that Ms. Gillum's goal was to rid the store of Gloria due to her age and her earned pay-scale as of 2021.

43. At that time, Gloria was paid $28.90 per hour and made approximately $60,000 per year.

44. Ms. Gillum immediately replaced Gloria with a young employee who makes only $15 per hour.

45. This confirms the discriminatory intent set in play by Trader Joe's and its managers.

46. Worse, Ms. Gillum and Trader Joe's knew full-well when they engaged in their unlawful conduct that they were essentially terminating Gloria's potential to find equivalent work and rate of pay (i.e. it will be virtually impossible for a 78 year-old employee to be hired, much less earn the level of tenure and pay she had achieved in 17 years at Trader Joe's).

47. In short, the discriminatory termination has ruined Gloria's chances of future employment success.

## COUNT I
### (Age Discrimination)

48. Gloria repeats and realleges each of the foregoing allegations and incorporates them herein by reference.

49. This matter was presented to the Massachusetts Commission Against Discrimination ("MCAD") as required by G.L. c. 151B and was investigated at the MCAD for a period exceeding 90 days.

50. Gloria requested that the matter be withdrawn from the MCAD so that she could pursue his private right of action in Massachusetts Superior Court.

51. Per Gloria's request, the MCAD closed its investigation and informed Gloria of her right to pursue the matter in this court.

52. Therefore, Gloria has properly exhausted his administrative requirements at the MCAD and is entitled to bring this action in this Court.

53. Under G.L. 151B and 29 U.S.C § 623 *et seq.*, it is unlawful to discriminate against a person based upon her age – specifically to discriminate against a person based on her age being above 40 years.

54. At all material times, Gloria was above 40 years old and was a person protected by the cited statutes.

55. At all material times, Trader Joe's and Ms. Gillum knew Gloria was more than 40 years old.

56. In violation of law, Trader Joe's and Ms. Gillum targeted Gloria based upon her age, discriminated against Gloria based upon her age, and created and maintained a hostile work environment toward Gloria based upon her age.

57. The conduct of Trader Joe's and Ms. Gillum shows a willful, discriminatory animus in violation of both Mass. G. L. c. 151B (the Massachusetts anti-discrimination statute) and in violation of 29 U.S.C § 623 *et seq.* (the Age Discrimination in Employment Act).

58. As a result of the willful, discriminatory conduct of Trader Joe's and Ms. Gillum, Gloria is entitled to recover all remedies under G.L. c. 151B and 29 U.S.C § 623 *et seq.*, including but not limited to compensatory damages, front and back pay, emotional distress damages, punitive damages, interest, and attorney's fees.

**DEMAND FOR JURY**

Gloria demands a trial by jury on all counts of this Complaint that are so triable.

**WHEREFORE**, Gloria requests that this Honorable Court:

(1) Enter Judgment in her favor and against each named defendant on all counts of this Complaint;

(2) Award all damages on each count to which Gloria is entitled by law and in equity against each named defendant, including but not limited to, compensatory damages, front pay, back pay, wages, emotional distress, punitive damages, costs and attorney's fees;

(3) Order reinstatement of Gloria to her position at Trader Joe's; and

(4) Award such other and further relief as this Court finds just and equitable.

**PLAINTIFF GLORIA COCUZZO,**

By HER attorney,

/s/ *Timothy J. Perry*
Timothy J. Perry (BBO# 631397)
*tperry@pkcounsel.com*
**PERRY KRUMSIEK LLP**
One Boston Place, Suite 2600
Boston, MA 02108
(617) 720-4300
Date: November 9, 2021                          fax (617) 720-4310

8