UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GLORIA COCUZZO,

                    PLAINTIFF,

V.

TRADER JOE'S EAST INC. AND
JENNIFER GILLUM,

                    DEFENDANTS.

Civil Action No. 1:22-cv-10162-LTS

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff Gloria Cocuzzo, a former employee of Defendant Trader Joe's East Inc. ("Trader Joe's"), admitted to purchasing alcohol for her underage grandson, in violation of Trader Joe's alcohol policy.  Plaintiff was terminated as a result.  Plaintiff now claims that Trader Joe's and Jennifer Gillum (collectively "Defendants") terminated her employment because of her age. Plaintiff has no evidence to support this assertion.  Therefore, the Court should grant Defendants' Motion for Summary Judgment.

## I.    BACKGROUND

### A.    Trader Joe's

Trader Joe's is a chain of specialty grocery stores.  Defendants' Statement of Material Facts ("SMF") ¶ 1.  Each store is staffed by a Captain (the manager in charge of the store) and Mates (assistant managers), and a non-supervisory staff of Merchants and Crew. Trader Joe's refers to its employees, collectively, as "Crew Members."  SMF ¶ 2.

It is the policy of Trader Joe's that each Crew Member of the company is entitled to work in an environment that is free of unlawful discrimination, harassment, or intimidation and in which

his or her personal dignity is respected. Unlawful discrimination or harassment in employment on the basis of sex, race, ancestry, color, religion, sexual orientation, gender identity, national origin, citizenship, veteran status, age (over 40), physical or mental disability or medical condition is strictly prohibited by Trader Joe's. Crew Members who violate Trader Joe's anti-discrimination policy are subject to disciplinary action, up to and including termination of employment.  SMF ¶ 3.

### B.      Plaintiff's Employment at Trader Joe's

Plaintiff began employment at the Trader Joe's store in Brookline, Massachusetts in 2004, when she was 62 years old.  SMF ¶ 4.  Plaintiff began work as a Crew Member.  SMF ¶ 5.  Because the Brookline store sells alcohol, all Crew Members, including Plaintiff, were subject to the store alcohol policy, and received training on selling alcohol.  SMF ¶ 6.  The alcohol policy states that Trader Joe's is "committed to adhering to all liquor laws," and that any employee who "violates the Alcohol Policy or is not in line with the Company's standards will be subject to disciplinary action, which may range from a written warning to termination of employment."  SMF ¶ 7.

In 2012, the store Captain at the time, Chris Maguire, promoted Cocuzzo to a Merchant position, a role which was more focused on customer service.  SMF ¶ 8.  Plaintiff was 70 years old when she was promoted.  SMF ¶ 9.

Gillum became the Captain of the Brookline store in 2018.  SMF ¶ 10.  In 2020, Gillum gave Plaintiff a positive performance review; approved a $1,200 performance bonus for Plaintiff; and gave Plaintiff a $1.00 per hour raise, which Plaintiff thought was "wonderful."  SMF ¶ 11.

### C.      Plaintiff Illegally Purchases Alcohol For An Underage Person

On Saturday, February 20, 2021, Plaintiff was working her usual 10:00 a.m. to 6:30 p.m. shift.  SMF ¶ 12.   Plaintiff's 19-year old grandson, Kevin Quinn, also a Trader Joe's employee,

was working a shift that day as well.  SMF ¶¶ 13-14.  Plaintiff and Quinn walked together to the alcohol section of the store, where Quinn selected beer from the shelf.  SMF ¶ 15.  Quinn handed Plaintiff the beer, and Plaintiff went to the registers and purchased the beer for Quinn.  SMF ¶¶ 15-17.  Another Trader Joe's employee saw Plaintiff buy the beer for Quinn, and reported the incident to store Captain Jennifer Gillum.  SMF ¶ 18.  Gillum approached Plaintiff and asked her about the incident, and Plaintiff confirmed that she had purchased beer for Quinn, an underage person.  SMF ¶ 19.

Gillum contacted Christopher Maguire, her Regional-Vice President.  SMF ¶ 20.  Gillum told Maguire that an underage Crew Member had gone to the alcohol section, took alcohol from a shelf, gave the alcohol to Plaintiff, and that Plaintiff bought the alcohol.  SMF ¶ 21.  Gillum told Maguire that when Plaintiff was asked about this, Plaintiff admitted to purchasing alcohol for the Crew Member who happened to be her grandson and a minor.  SMF ¶ 22. Gillum said she was considering termination, and Maguire agreed that "there was nothing else you can do."  SMF ¶ 23.

On February 24, 2021, Gillum and Mate Brian Foote met with Plaintiff.  SMF ¶ 24.  Gillum explained to Plaintiff that her employment was ending because she had knowingly purchased alcohol for an underage person.  SMF ¶ 25.  During the meeting, Gillum offered Plaintiff the option of resigning, retiring or being terminated.  SMF ¶ 26.  Plaintiff initially asked to retire, and the meeting concluded.  SMF ¶ 27.  After the meeting, Plaintiff sent an email to Gillum in which she said she no longer wanted to retire.  SMF ¶ 27.  Plaintiff admitted in writing that her "termination was prompted by purchasing beer for [her] grandson, Kevin."  SMF ¶ 28.  As a result, Gillum changed Plaintiff's retirement to a termination, and asked her to sign a termination notice the following day, which Plaintiff refused to do.  SMF ¶ 29.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where, as here, "the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). To withstand summary judgment, the non-moving party must present affirmative evidence showing a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). The non-moving party's evidence must demonstrate that a trier of fact reasonably could find in her favor on each issue on which she has the burden of proof. *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997). A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is "merely colorable" or "not significantly probative" is insufficient to avoid summary judgment. *Anderson*, 477 U.S. at 249-52. A plaintiff's obligation to produce evidence cannot be satisfied by conclusory allegations, empty rhetoric, unsupported speculation, or evidence that, in the aggregate, is less than significantly probative. *Rogan v. City of Boston*, 267 F.3d 24, 27 (1st Cir. 2001); *see also DeNovellis*, 124 F.3d at 306 (holding that, where plaintiff relies solely upon such evidence, summary judgment may be appropriate even where intent is an issue).

Here, Cocuzzo alleges that Defendants discriminated against her because of her age, in violation of M.G.L. c. 151B and the Age Discrimination in Employment Act ("ADEA"). The record evidence shows that Cocuzzo cannot establish an age discrimination claim. Summary judgment is therefore warranted.

## III.     LEGAL ARGUMENT

"The analysis of a discrimination claim filed pursuant to the ADEA and Chapter 151B are so similar that they can be analyzed together." *Tombeno v. FedEx Corp. Servs., Inc.*, 284 F.Supp.3d 80, 86 (D.Mass. 2018) (citing *Adamson v. Walgreens Co.*, 750 F.3d 73, 78 (1st Cir.

2014)).  Under either statute, "it is the employee's burden to prove that but for [her] employer's discrimination, [she] would not have been terminated."  *Id.*  Plaintiff cannot meet that burden as to either Trader Joe's or Gillum.

### A. Trader Joe's Cannot Be Held Liable for Age Discrimination

The *McDonnell Douglas* burden-shifting framework is used to analyze whether discrimination has occurred.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).  Plaintiff first must establish a *prima facie* case of discrimination.  If she does so, the burden of production shifts to Trader Joe's to articulate a legitimate, non-discriminatory reason for its decisions.  Then burden then returns to Plaintiff to prove that the reason given was a pretext, and that discriminatory animus was the cause of her termination.  *Zavalianos v. Southern Folger Det. Equip. Co., LLC*, 2012 U.S. Dist. LEXIS 129336, *9-11 (D.Mass. Sept. 11, 2012).

Trader Joe's will assume for purposes of this Motion that Plaintiff can meet her *prima facie* case.  Trader Joe's then has the burden of articulating a legitimate, non-discriminatory reason for Plaintiff's termination.  It has done so: Plaintiff violated the alcohol policy by knowingly purchasing beer for an underage person, placing Trader Joe's liquor license in jeopardy.  This is clearly a legitimate, non-discriminatory reason.  *See Dyjak v. Baystate Health Sys., Inc.*, 945 F.Supp.2d 197, 207-08 (D.Mass. 2013) (violation of company policy was a legitimate, non-discriminatory reason); *Tombeno v. FedEx Corp. Servs., Inc.*, 284 F.Supp.3d 80, 86 (D.Mass. 2018) (same); *see also Fried v. Wynn Las Vegas, LLC*, 2021 U.S. App. LEXIS 34269, *3-4 (9th Cir. Nov. 18, 2021) (dismissing discrimination claims by employee who allowed underage customer to consume alcohol in violation of company policy).

Thus, "to avoid summary judgment [Plaintiff] must raise a genuine issue of material fact that the reasons offered by [Trader Joe's] were a pretext for discrimination."  *Ray v. Ropes & Gray LLP*, 799 F.3d 99, 113 (1st Cir. 2015).  At this stage, Plaintiff "must produce sufficient evidence

to create a genuine issue of fact as to two points: (1) the employer's articulated reasons for its adverse actions were pretextual, and (2) the real reason for the employer's actions was discriminatory animus." *Id.*; *see Collazo-Rosado v. Univ. of Puerto Rico*, 765 F.3d 86, 92 (1st Cir. 2014) ("to establish pretext [Plaintiff] must show that the explanation was a lie, which would let a factfinder infer that the defendants made the story up to cover their tracks"); *Sullivan v. Liberty Mut. Ins. Co*., 444 Mass. 34, 54-55 (2005) (plaintiff's burden "to establish that the basis of [the employer's] decision was unlawful discrimination by adducing evidence that the reasons given by [the employer] for its actions were mere pretexts to hide such discrimination"). Calling into question the employer's reason for termination is not enough. *Bonefont–Igaravidez v. Int'l Shipping Corp.*, 659 F.3d 120, 124–25 (1st Cir. 2011). Rather, Plaintiff must point to specific facts to show that her termination was "not only a sham, but a sham intended to cover up its real motive of discrimination." *Id.* at 125 (citing *Azimi v. Jordan's Meats, Inc.*, 456 F.3d 228, 246 (1st Cir. 2006)).

Plaintiff cannot prove that the reason for her termination were "pretextual," a "lie," or a "sham" for the simple reason that she admitted – multiple times – to knowingly purchasing alcohol for an underage person.  There is no way for her to establish pretext, given that she acknowledges her illegal misconduct.

Plaintiff may argue that her actions – purchasing beer for her underage grandson – did not violate Massachusetts law, because she intended to serve the beer to him at her home.  This is unavailing on multiple levels.  First, the statute Plaintiff has referenced, M.G.L. c. 138, § 34, expressly forbids "deliver[ing] or procur[ing] to be delivered … any such [alcoholic] beverages or alcohol to or for use by a person who he knows or has reason to believe is under 21 years of age."  While a person is allowed to provide alcohol to a grandchild in "premises or property owned or

controlled by the person charged," that was not the case here – Plaintiff knowingly purchased alcohol for a minor in a store.  Second, Plaintiff admits that she was unaware of this law allowing alcohol to be provided by family members in a home setting when she bought the alcohol for the underage person.  SMF ¶ 30.  Third, whether Plaintiff actually violated the law or not is immaterial. At summary judgment, the Court's "task is limited to determining whether the employer believed in the accuracy of the reason given for the adverse employment action." *Espinal v. Nat'l Grid NE Holdings 2, LLC*, 693 F.3d 31, 35 (1st Cir. 2012); *see Wooster v. Abdow Corp.*, 46 Mass.App.Ct. 665, 673 (1999) (to "withstand a defendant's motion for summary judgment, a plaintiff claiming discrimination must show something more than a conflict in the evidence regarding the employer's legitimate, nondiscriminatory explanation for the employment decision").  "This holds true even when the decisionmaker is relying on information that may later prove to be inaccurate. In other words, it is not enough for a plaintiff to show that the decisionmaker acted on an incorrect perception." *Kouvchinov v. Parametric Tech. Corp.*, 537 F.3d 62, 67 (1st Cir. 2008).  "It is the decisionmaker's reasonable belief that guides the inquiry." *Id.* at 70; *see also Valls v. O'Sullivan Corp.*, 67 Mass.App.Ct. 1113, *5-6 (2006) (holding lack of evidence supporting decisionmaker's termination decision does not preclude summary judgment).  The record shows that Gillum believed that Plaintiff violated the law when she bought alcohol for an underage person.  SMF ¶¶ 31-34.  Whether this was legally accurate or not is irrelevant; Gillum's belief, alone, is enough to justify granting summary judgment.  *See Bennett v. St.-Gobain Corp.*, 507 F.3d 23, 31-32 (1st Cir. 2007) (affirming summary judgment because "the decisionmaker … believed the plaintiff" engaged in misconduct).

Plaintiff may also argue that her conduct did not warrant termination.  Trader Joe's disagrees; her illegal misconduct, buying alcohol for a minor, could have led to the Brookline store

being sanctioned by the Town, such as reduction in hours, suspension of the liquor license, or even revocation of the license.  *See* Town of Brookline Sale of Alcoholic Beverages Regulations, § A.25;[1] *see also* Maguire Decl. ¶ 6.  Regardless, "while [Plaintiff] may perceive the result as 'unfair,' it is well established that [courts] may not sit as super personnel departments, assessing the merits – or even the rationality – of employers' nondiscriminatory business decisions." *Lahens v. AT&T Mobility P.R., Inc.*, 28 F.4th 325, 336 (1st Cir. 2022); *see Sullivan*, 444 Mass. at 56 (same).  Even if the Court were to find that Plaintiff's "dismissal was unfair or unwise, [that] would not indicate age discrimination." *Davila v. Corporación de Puerto Rico*, 498 F.3d 9, 16 (1st Cir. 2007).

Trader Joe's further notes that there is nothing to suggest that age played any part in the decision to terminate Plaintiff.  There is no evidence of ageist remarks or the like.  *Cf.* Pl. Dep. 78. Quite the contrary: Gillum, who made the decision to terminate Plaintiff, provided Plaintiff with a significant raise and a bonus only a few months earlier.  Maguire, who reviewed the termination decision, promoted Plaintiff to Merchant when she was 70.  "It is improbable that the same persons who hire or promote someone already in an older age bracket will suddenly develop an aversion to older people."  *Dziamba v. Warner & Stackpole LLP*, 56 Mass. App. Ct. 397, 406 (2002).

Trader Joe's also terminated other Crew Members in Maguire's region who either purchased alcohol while underage or knowingly sold it unlawfully (such as providing illegal discounts).  *See* SMF ¶¶ 35-44.  All of these Crew Members who Trader Joe's terminated were under 40.  *See id.*  Plaintiff may note that in some instances Trader Joe's issued warnings for violations of the alcohol policy; yet those cases involved Crew Members who failed to properly check a customer's identification – not situations where the Crew Member intentionally purchased

---

[1] *Available at* https://www.brooklinema.gov/DocumentCenter/View/721/Sale-of-Alcoholic-Beverages-Regulations-PDF.

or sold alcohol to a minor they knew was underage in violation of the law.  *See* SMF ¶¶ 35-44.
There is no evidence of age discrimination here.  Trader Joe's should be granted summary
judgment.

> **B.      Cocuzzo's Claims Against Individual Defendant Gillum Should Be Dismissed**

Cocuzzo also brings claims against Gillum individually for age discrimination.  There is
no cause of action against individuals under the ADEA, so any federal claims against Gillum
should be dismissed.  *Ventura v. Hanitchak*, 719 F.Supp.2d 132, 137 (D.Mass. 2010).

Plaintiff does not specify the basis for her state-law claims against Gillum.  Individuals can
be liable under state law under either M.G.L. c. 151B, § 4(4A) (interference with rights) or § 4(5)
(aiding and abetting).  *See Ruffino v. State Street Bank & Trust Co.*, 908 F.Supp. 1019, 1048
(D.Mass. 1995).  Neither section applies here.

Under M.G.L. c. 151B, § 4(4A), it is unlawful "for any person to coerce, intimidate,
threaten or interfere with another person in the exercise or enjoyment of any right granted or
protected by [chapter 151B]."  In order to establish such a claim, Plaintiff must prove (1) that
Gillum had the authority or the duty to act on behalf of the employer, (2) her action or failure to
act implicated rights under the statute, and (3) there is evidence that the action or failure to act was
in deliberate disregard of plaintiff's protected rights.  *Furtado v. Standard Parking Corp.*, 820
F.Supp.2d 261, 278-79 (D.Mass. 2011).  "Deliberate disregard requires an intent to discriminate."
*Canfield v. Con-Way Freight, Inc.*, 578 F.Supp.2d 235, 242 (D.Mass. 2008).  As detailed above,
none of Plaintiff's rights under c. 151B were disregarded or violated in any way.  Therefore,
Plaintiff's interference claim against Gillum fails as a matter of law as well.  *See id*. at 242-43
(where plaintiff could not prove discrimination against employer, the court need not separately
consider individual liability under c. 151B).  Moreover, there is nothing in the record that indicates
that Gillum acted with any specific intent to discriminate against Plaintiff.  *See Furtado*, 820

F.Supp.2d at 279 (dismissing claims against individuals where there was no evidence individuals "ever said or did anything that would suggest they had a bias"). Gillum is thus entitled to summary judgment.

Under M.G.L. c. 151B, § 4(5), the individual defendant must have committed "(1) a wholly individual and distinct wrong ... separate and distinct from the claim in main"; (2) she "shared an intent to discriminate not unlike that of the alleged principal offender"; and (3) she "knew of [her] supporting role in an enterprise designed to deprive [Plaintiff] of a right guaranteed him or her under G.L. c. 151B." *Lopez v. Com.*, 463 Mass. 696, 713 (2012).  An aiding and abetting claim under § 4(5) is "entirely derivative" of an underlying discrimination claim. *Id.*  Because there is no evidence of discrimination on Trader Joe's part, the claim against Gillum should also be dismissed. *See id.* at 713.  Furthermore, there are no allegations of "a wholly individual and distinct wrong" against Gillum "separate and distinct from the claim in main" – everything alleged against Gillum is also alleged against Trader Joe's. *See Saari v. Allegro Microsystems, LLC*, 436 F.Supp.3d 457, 466 (D.Mass. 2020) (dismissing aiding and abetting claim because plaintiff did not allege any acts of discrimination by the employer separate and distinct from those of the individual defendants).  There is no basis for an aiding and abetting claim.  Any claims against Gillum should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter summary judgment and dismiss Cocuzzo's claims in their entirety, with prejudice.

Respectfully submitted,

TRADER JOE'S EAST INC. AND JENNIFER
GILLUM,

By their attorneys,

/s/ Stephen T. Melnick
Stephen T. Melnick (No. 667323)
Ellen E. Lemire (No. 670994)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
smelnick@littler.com
elemire@littler.com

Dated:  February 24, 2023

## Certificate of Service

I hereby certify that on this 24th day of November 2022, a true and accurate copy of the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and sent via first class mail to unregistered participants as identified on the Notice of Electronic Filing.

/s/  Stephen T. Melnick
Stephen Melnick